# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

JEMIL D. AZAR, RONALD J. SOLIMON, and RE/MAX ADVANTAGE, LTD., a New Mexico limited partnership, for themselves and all others similarly situated,

        Plaintiffs,

v.                                             No. CIV 99-1037 BB/DJS

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

        Defendant.

## MEMORANDUM OPINION
## AND
## ORDER OF REMAND

THIS MATTER is before the Court on the Plaintiffs' motion to remand this matter to the Thirteenth Judicial District Court of Valencia County, and the Court having considered the briefs and oral argument of counsel, FINDS the motion is well supported and it will be GRANTED.

## Discussion

### Facts

Each of the Plaintiffs is, or was, the alleged owner of an individual policy of life insurance issued by Defendant, The Prudential Insurance Company of America ("Prudential"), a New Jersey corporation. Prudential gave each Plaintiff the option to pay his annual premiums semi-annually, quarterly or monthly. Plaintiffs Azar and Solimon elected to pay monthly and now allege that the premiums they paid exceeded the annual premiums provided in their policies. Plaintiffs contend Prudential did not disclose, in the policies or otherwise, either the dollar amount or percentage rate of the additional premium, interest, finance charge or time-price differential the insured would be required to pay for the privilege of making monthly payments.

The Complaint asserts state common law and statutory claims including that such non-disclosure constitutes: a breach of Prudential's fiduciary duty to its insureds; a breach of the implied contractual covenant of good faith and fair dealing; unfair or deceptive acts or practices in violation of the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-1 *et seq.* (1967), and the New Jersey Unfair Trade Practices Act, NJSA § 56.8-2 *et seq.*; misrepresentation and false

advertising of policies in violation of NMSA 1978, §§ 59A-16-4 and 59A-16-5 (1984) of the New Mexico Insurance Code and the making of deceptive or misleading statements in violation of NJSA § 17B:30-4 of the New Jersey Insurance Trade Practices Act; that such non-disclosure and concealment violates the New Jersey Retail Installment Act of 1960, NJSA §§ 17:16C-1 *et seq.*; unjust enrichment; and that Prudential's non-disclosure and concealment was wilful, intentional, and in bad faith.

Upon information and belief, the Complaint further alleges that millions of Prudential policyholders are affected by Prudential's non-disclosures and concealment. Plaintiffs seek, individually and on behalf of a class consisting of Prudential's past and present individual life insurance policyholders who pay premiums on other than an annual basis, compensatory damages in an unspecified amount to be determined at trial, punitive damages, attorney fees, and declaratory and injunctive relief.

On September 16, 1999, Prudential filed a Notice of Removal pursuant to 28 U.S.C. § 1441, alleging this Court has original jurisdiction under 28 U.S.C. § 1332 by reason of diversity of citizenship. Prudential alleges "a good faith belief that the amount in controversy exceeds the jurisdictional limit of $75,000.00,"

but also admits that: "The compensatory damages of the named plaintiffs are relatively small and do not individually meet the requisite $75,000.00 amount in controversy requirement." Notice of Removal, ¶s 3 & 4. However, Prudential argues that, since the Complaint alleges millions of policyholders are involved, the $75,000.00 jurisdictional amount requirement can be met by aggregation of the punitive damage claims of the representative and putative class plaintiffs, by aggregation of the attorney fee claims of the representative and putative class plaintiffs or by considering Prudential's cost of compliance with the injunctive relief sought.

**Legal Standard**

Federal court jurisdiction is to be strictly construed[1] and "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing in the Notice of Removal the underlying facts establishing

---

[1] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

that the amount-in-controversy exceeds $75,000.00. *See Laughlin*, 50 F.3d at 873.

### Aggregation of Damages

Prudential recognizes that there is a substantial body of law against aggregating plaintiff's individual damages in a putative class action in order to reach the $75,000.00 amount in controversy. *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Watson v. Blainship*, 20 F.3d 383 (10th Cir. 1994). This rule applies to class actions. *Snyder v. Harris*, 394 U.S. 332 (1969). Each member of a class action suit must therefore meet the jurisdictional standard. *Zahn v. International Paper Co.*, 414 U.S. 291 (1973); *Wienburg v. General Motors Corp.*, No. CIV 98-771 BB/LFG, slip op. (D.N.M. filed Oct. 19, 1998).

Prudential argues, however, that since there is pending in Congress legislation specifically allowing individual members of an interstate class to aggregate their damages for purposes of reaching the threshold, Congress intends class actions be treated differently. (S.B. 353; H.B. 1875, 106th Cong. 1st Sess.) While this emphasizes that members of Congress do recognize present law does not allow such aggregation, it does little to persuade the Court to deny the motion to remand. *Patten v. United States*, 116 F.3d 1029 (4th Cir. 1997)

5

(legislation does not have the effect of law until passed by Congress and signed by the President).

**Aggregation of Punitive Damages**

Defendant's efforts to remove this case fares no better when based on the aggregate value of punitive damages. While the Eleventh Circuit has allowed aggregation to meet the jurisdictional threshold,[2] the Second, Fifth, and Seventh Circuits have refused to allow aggregation of punitive damages. *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1431 (2d Cir. 1997); *Ard v. Transcontinental Gas Pipe Line Corp.*, 138 F.3d 596 (5th Cir. 1998); *Anthony v. Security Pacific Fin. Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

The Tenth Circuit has not yet confronted the issue, but several district courts in this Circuit have followed the majority and rejected aggregation as a jurisdictional devise. *Girrens, Inc. v. Simon DeBartolo Group, Inc.*, 976 F. Supp. 1399 (D. Kan. 1997); *Amundson & Assoc. Art Studio, Ltd. v. National Council on Compensation Ins., Inc.*, 977 F. Supp. 1116 (D. Kan. 1997); *Asten v. Southwestern Bell Tel. Co.*, 914 F. Supp. 430 (D. Kan. 1996); *Copeland v. MBNA Am., N.A.*, 820 F. Supp. 537 (D. Colo. 1993). As noted in the opinions tendered by Plaintiffs,

---

[2] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996).

the Judges in this District have also disallowed aggregation. *See Cadigan v. Transamerica Occidental Life Ins. Co.*, No. CIV 99-1406 LFG/KBM, slip op. (D.N.M. filed Feb. 22, 2000); *Kollecas v. State Farm Life Ins. Co.*, No. CIV 99-1428 WWD/LFG, slip op. (D.N.M. filed Feb. 16, 2000); *Wienberg v. General Motors Corp.*, *supra*. This position also appears to be generally accepted by the district courts of other uncommitted circuits. *See, e.g., Green v. H&R Block, Inc.*, 981 F. Supp. 951 (D. Md. 1997); *Graf v. Safeco Ins. Co. of Am.*, 977 F. Supp. 971 (E.D. Mo. 1997); *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245 (D. Ariz. 1996); *Snider v. Stimson Lumber Co.*, 914 F. Supp. 388 (E.D. Cal. 1996); *Johnson v. Gerber Prods. Co.*, 949 F. Supp. 327 (E.D. Pa. 1996); *Weinberg v. Sprint Corp.*, 165 F.R.D. 431 (D.N.J. 1996).

### Aggregation of Attorneys' Fees

Finally, Prudential argues the jurisdictional amount requirement for diversity jurisdiction can be met by aggregation of the attorney fees requested, citing the Fifth Circuit's decision in *In re Abbott Laboratories*, 51 F.3d 524 (5th Cir. 1995), and *Howard v. Globe Life Insurance Company*, 973 F. Supp. 1412 (N.D. Fla. 1996). Again, however, a clear trend against permitting aggregation is developing on attorney fees as well. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365

7

(9th Cir.), *cert. denied*, 459 U.S. 945 (1982); *Campbell v. General Motors Corp.*, 19 F. Supp. 2d 1260 (N.D. Ala. 1998) (common fund); *Peyerson v. BASF Corp.*, 12 F. Supp. 2d 964 (D. Minn. 1998). Aggregation of attorney fees has also been rejected within the district courts of the Tenth Circuit. *See Copeland v. MBNA Am., N.A.*, *supra*, following *Goldberg* and *Wienberg*. In *Wienberg*, this Court noted that since one purpose of the jurisdictional amount is to "keep diversity jurisdiction under some modicum of control, it seems to make little sense to permit Plaintiffs to enter federal court on a magic carpet of aggregated potential punitive damages." Slip op. at 5. This is equally true of aggregated attorneys' fees.

### Injunction

Prudential's best hope rests on the valuation of the injunctive relief sought by the Plaintiffs. Unlike some circuits which analyze jurisdictional amount solely on the basis of plaintiff's potential recovery, the Tenth Circuit has long recognized defendant's cost may also satisfy the threshold requirement. *See Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940); *Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155 (10th Cir. 1979)

The Complaint is devoid of any factual allegations relating to the amount of punitive damages, the amount of attorney fees or Defendant's cost of compliance with the injunctive relief sought on either an individual or aggregate basis. The Notice of Removal filed herein does not contain any specific factual allegations to demonstrate what it would cost Defendant to stop collecting these undisclosed fractional premium charges or to make disclosures to policyholders. Rather, Defendant relies on unsubstantiated allegations that:

> Prudential would have to give notice to each of its present policyholders informing the policyholder of the annual percentage rate for each fractional payment option and inviting the policyholder to change his or her payment option. With the current cost of mailing, of which Prudential requests the court take judicial notice, even if the notice entailed the mailing of only one letter to the various policyholders, the mailing costs of such notice would well exceed the jurisdictional limit. Further, Prudential would incur substantial administrative costs of redrafting and reprinting its present policies, policy summaries and policy illustrations, and would incur costs in having these new forms approved by the insurance departments of each of the fifty states. Prudential would also incur substantial costs in retraining each of its agents with regard to disclosure of the annual percentage rate for the various payment modes.

Resp. to Pltfs' Mot. at 7.

Such vague allegations are insufficient. The party challenging the jurisdictional amount has the burden to support the jurisdictional facts with competent proof including affidavits, if necessary. *Salazar v. Furrs, Inc.*, 629 F. Supp. 1403 (D.N.M. 1986); *see also City of Moore v. Atchison Topeka & Santa Fe Ry. Co.*, 699 F.2d 507 (10th Cir. 1983) (affidavit not controverted). Moreover, it is improper to look to the total cost of defendant's compliance where the plaintiff's claims in a class action are separate and distinct. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597 (10th Cir. 1970); *Harris v. Nationwide Ins. Co.*, 78 F. Supp. 2d 1215 (D. Utah 1999). Because Defendant cannot show sufficient evidence that the claims would satisfy the amount-in-controversy, this Court must resolve any doubts on the issue against removal. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (court must resolve any ambiguities or doubts against removal).

## O R D E R

For the reasons set forth above, the Court finds this claim does not satisfy the requirement of 28 U.S.C. § 1441 as to the jurisdictional amount, and this case is therefore remanded to the Thirteenth Judicial District Court.

**Dated at Albuquerque this 6th day of March, 2000.**

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiffs:**

    **Dennis M. McCary, Floyd D. Wilson, McCary Wilson & Pryor, Albuquerque, NM**

    **Alan K. Konrad, Albuquerque, NM**

**Counsel for Defendant:**

    **Jay D. Hertz, Sutin Thayer & Browne, Albuquerque, NM**